IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA     )
                             )
        v.                   )   CRIMINAL ACTION NO.
                             )     2:09cr64-MHT
JEFFREY LAMAR                 )        (WO)

OPINION AND ORDER

As a result of defendant Jeffrey Lamar's conviction
on two counts of distributing controlled substances, he
faced a statutory mandatory-minimum sentence of ten years
imprisonment.   At sentencing, the court granted the
government's motion for a one-level downward 'departure'
from the mandatory minimum, pursuant to U.S.S.G. § 5K1.1
and 18 U.S.C. § 3553(e).  Following this departure, Lamar
moved the court to grant a further downward 'variance'
from the Sentencing Guidelines range based on factors
enumerated in 18 U.S.C. § 3553(a).  See Booker v. United
States, 543 U.S. 220 (2005).  This motion is now before
the court.

Because, as the court concludes below, it lacks the power to grant a downward variance following a departure below a mandatory-minimum sentence, Lamar's variance motion will be denied.

## I. BACKGROUND

Lamar pleaded guilty to two counts of distributing Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1).   Count one charged him with distributing cocaine hydrochloride (cocaine powder), and count two charged him with distributing at least five grams of cocaine base (crack cocaine).

Prior to Lamar's guilty plea, the government filed a notice of information, pursuant to 21 U.S.C. § 851, establishing that Lamar was previously convicted of two counts of "Sale of [a] Controlled Substance." Notice (Doc. No. 34).  Due to this prior conviction, Lamar faced a statutory mandatory-minimum sentence of ten years imprisonment on count two.  21 U.S.C. § 841(b)(1)(B).

2

At the sentencing hearing, Lamar objected to the Probation Office's determination that, for sentencing purposes, he was responsible for 80.09 grams of crack cocaine, 10.4 grams of cocaine powder, and 10.19 grams of marijuana.  <u>See</u> U.S.S.G. § 1B1.3.  Lamar argued that his sentence should be based on a lesser quantity of crack cocaine.  The court overruled Lamar's objection to the drug-quantity calculation.

Based on the quantity of drugs associated with Lamar's offense, the court determined his Sentencing Guidelines offense level to be 30.  <u>See</u> U.S.S.G. § 2D1.1. The court found that he demonstrated acceptance of responsibility for his offense and decreased his offense level by two levels.  U.S.S.G. § 3E1.1(a).  The court granted the government's oral motion for an additional one-level reduction for Lamar's timely notification of his intent to plead guilty.  U.S.S.G. § 3E1.1(b).  These reductions resulted in a Sentencing Guidelines total-offense level of 27.  When combined with Lamar's

3

undisputed criminal history (which placed him in category V) this offense level resulted in a Sentencing Guidelines range of 100-125 months imprisonment.  See U.S.S.G. Ch. 5 Pt. A.   Due to the applicable ten-year statutory mandatory minimum, this range was further restricted to 120-125 months.  U.S.S.G. § 5G1.1.

The court then considered the government's motion for a one-level downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).  In camera, the court heard Lamar's argument as to why he was entitled to additional levels of departure based on his assistance to the government.   The court also heard evidence from the government.  Based on the arguments and evidence presented in camera, and considering only the assistance Lamar provided to the government, the court determined that a one-level departure pursuant to § 5K1.1 and § 3553(e) was appropriate.   Having granted the government's motion, the court determined that Lamar

4

faced a statutorily authorized Guidelines range below the mandatory minimum of 110-137 months in prison.

Lamar then orally moved the court to grant a variance from the Sentencing Guidelines range on the basis of the 18 U.S.C. § 3553(a) factors and as authorized by <u>Booker v. United States</u>, 543 U.S. 220 (2005).  <u>See also</u> Def.'s Sent. Memo (Doc. No. 58).  The government objected, arguing that the court lacks the power to grant a downward variance from the Guidelines following a § 3553(e) departure below a statutory mandatory-minimum sentence.  The court continued the sentencing hearing and ordered the parties to submit briefs on the issue.  This issue is now before the court.

## II. DISCUSSION

18 U.S.C. § 3553(e) grants courts, "Limited authority to impose a sentence below a statutory minimum."  The statute states that, "Upon motion of the Government, the court shall have the authority to impose a sentence below

a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Id. The statute further instructs that, "Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code." Id. Section 3553(e)'s instruction is reflected in U.S.S.G. § 5K1.1 of the United States Sentencing Guidelines, which permits a sentencing court to depart from the Guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense."[1]

_____

1.   28 U.S.C. § 994(n) instructs the United States Sentencing Commission to "assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a (continued...)

"[A]fter the government has made a motion for downward departure pursuant to U.S.S.G. § 5K1.1, the government has no control over whether and to what extent the district court will depart from the Guidelines." United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008). It is well-established, however, that "in determining the extent of a § 5K1.1 departure, the district court must consider the five non-exclusive § 5K1.1 factors." Id. at 1092. These factors are,

> "(1) the usefulness of the defendant's assistance; (2) the truthfulness and completeness of the defendant's information and testimony; (3) the nature and extent of the defendant's

---

(...continued)

sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Despite this instruction, the Supreme Court has held that a motion made pursuant to U.S.S.G. § 5K1.1 authorizes only a departure from the Guidelines; a departure below a statutory mandatory minimum requires a government motion pursuant to 18 U.S.C. § 3553(e). Melendez v. United States, 518 U.S. 120 (1996). Thus, § 5K1.1 and § 3553(e) are not interchangeable.

7

> assistance; (4) any injury suffered or
> risk of injury or danger to the
> defendant and his family as a result of
> his assistance; and (5) the timeliness
> of the assistance."

Id. (citing U.S.S.G. § 5K1.1(a)(1)-(5)).  "The district court may consider factors beyond those five, 'but only if the factors relate to the assistance provided by the defendant.'" Id. (quoting United States v. Martin, 455 F.3d 1227, 1235 (11th Cir. 2006)) (emphasis in original). Courts are guided by the same factors when the government moves for a departure below a mandatory-minimum sentence pursuant to § 3553(e).  United States v. Mangaroo, 504 F.3d 1350, 1355 (11th Cir. 2007) (identifying the 5K1.1(a) factors as the "factors that a sentencing court should consider in a § 3553(e) downward departure."); id. ("The extent of [a § 3553(e)] downward departure should be based solely on a defendant's assistance to law enforcement.") (emphasis in original).

The government contends that binding Eleventh Circuit precedent thus establishes that the court "has no

8

authority to consider non-assistance related factors, including those factors listed in § 3553(a), to determine how far down to depart or vary in light of the Government's Motion [for downward departure]." Gov.'s Br. at 7 (Doc. No. 64) (emphasis added). But the government has misread the circuit precedent. To be sure, the Eleventh Circuit has clearly held that a court may not consider the § 3553(a) factors, or any factors unrelated to assistance to the government, in determining the extent of a departure pursuant to § 5K1.1 and § 3553(e). The circuit, however, has not directly addressed the issue raised by Lamar: Whether a court, following a departure below a mandatory minimum pursuant to § 5K1.1 and § 3553(e), may then 'vary' further downward on the basis of the § 3553(a) factors. The distinction between Lamar's question and the one addressed by circuit precedent is important, and is best illustrated through a brief review of sentencing procedure in the federal system.

9

Federal sentencing procedure was dramatically altered by the Supreme Court's decision in <u>Booker v. United States</u>, 543 U.S. 220 (2005).   In that case, the Court "severed and excised" two provisions of the Sentencing Reform Act of 1984, thus making the United States Sentencing Guidelines "effectively advisory." <u>Id</u>. at 245. The Court's remedial opinion in <u>Booker</u> "requires a sentencing court to consider Guidelines ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well." <u>Id</u>. at 245-46 (internal citations omitted).

Post-<u>Booker</u>, "the imposition of a sentence by the district court in a criminal case ... involves a two-step process." <u>United States v. Chavez</u>, 584 F.3d 1354, 1364 (11th Cir. 2009).   "First, the district court must still determine the appropriate sentencing range under the Guidelines." <u>Id</u>.   This step includes the consideration and application of applicable departures as authorized by the Guidelines or statute.   "Second, the district court

10

must then consider the various factors enumerated in 18 U.S.C. § 3553(a) in ultimately arriving at a reasonable sentence." Id. If the sentence assigned at step two lies outside the advisory Guidelines range as determined in step one, it is called a 'variance.' See, e.g., Gall v. United States, 552 U.S. 38 (2007).

The Eleventh Circuit precedent cited by the government addresses only step one of the two-step sentencing procedure. At step one in this case, the court determined Lamar's base-offense level and criminal history and considered and applied appropriate adjustments. The court also granted the government's motion for a downward departure pursuant to § 5K1.1 and § 3553(e). In determining the extent of the departure, the court, bound by the circuit law cited by the government, considered only factors related to substantial assistance.

Now at step two, the court "must ... consider the various factors enumerated in 18 U.S.C. § 3553(a) in

ultimately arriving at a reasonable sentence." <u>Chavez</u>, 584 F.3d at 1364.  Lamar argues that the court, no longer bound by the statutory mandatory minimum, is free to arrive at that reasonable sentence through a downward variance.  The Eleventh Circuit has not ruled that such a post-departure downward variance is impermissible.

This court now concludes, however, that a downward variance in this context is barred by statute.  In granting courts limited authority to depart below a defendant's statutorily-mandated minimum sentence, § 3553(e) simultaneously defines the exclusive criteria for determining that defendant's new minimum sentence. The court's holding is driven by the limited reach of <u>Booker</u>, the language and structure of 18 U.S.C. § 3553, and the text of § 3553(e).

It is well-established that the "court remains bound by statutes designating mandatory minimum sentences even after the remedial holding of <u>United States v. Booker</u>." <u>United States v. Castaing-Sosa</u>, 530 F.3d 1358, 1362 (11th

Cir. 2008); see also id. ("Booker made advisory the Sentencing Guidelines, not statutory mandatory minimums enacted by Congress."). Thus, just as before Booker, a court may sentence below a statutory minimum only when authorized by statute.

The court finds it significant that "[o]nly two provisions of § 3553 authorize the district court to sentence a defendant below the statutory mandatory minimum." Id. at 1361. As noted above, § 3553(e) allows a sentence below a mandatory minimum "so as to reflect a defendant's substantial assistance" to law enforcement. 18 U.S.C. § 3553(f), often referred to as the 'safety valve,' allows a court to sentence "without regard to any statutory minimum sentence" if the court finds that a defendant meets five criteria. Among these criteria is a requirement that the defendant "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or

13

plan." Id.  The other sub-sections of 18 U.S.C. § 3553 "make[] no mention of statutory mandatory minimum sentences, much less purport[] to give the district court the authority to impose a sentence below the applicable statutory mandatory minimum sentence." Castaing-Sosa, 530 F.3d at 1361.

"Examining the language and structure of § 3553, it is [thus]... readily apparent that Congress chose to impose statutory mandatory minimum sentences and then provide only limited exceptions."  Castaing-Sosa, 530 F.3d at 1361-62.  In so doing, Congress selected a number of factors, with an emphasis on assistance to law enforcement, which alone permit a sentence below the mandatory minimum.  To read Booker as authorizing a yet-lower sentence on the basis of other factors would do significant damage to this statutory scheme.  See United States v. Ahlers, 305 F.3d 54, 62 (1st Cir. 2002) ("Congress chose to enact statutory minimum sentences and allow only one way out: cooperation with law enforcement.

14

Reworking this balance would not only undermine legislative intent but also threaten the integrity of the system of mandatory minimum sentencing so prized by Congress."); see also Booker, 543 U.S. at 264 (The remedial Booker opinion seeks to "remain[] consistent with Congress' initial and basic sentencing intent.").

As explained by the Eighth Circuit, the text of § 3553(e) further indicates that Congress intended to strictly limit a court's authority to sentence below statutorily mandated minimum sentences. "First is the title, which states that the section provides only 'limited authority' to impose a sentence below the statutory minimum. Congress evidently wanted statutory minimum sentences to be firmly enforced, subject only to carefully 'limited' exceptions." United States v. Williams, 474 F.3d 1130, 1132 (8th Cir. 2007) (citing Ahlers, 305 F.3d at 61-62). "The body of § 3553(e) specifies precisely how a sentencing court's authority is limited. It may impose a sentence below the statutory

15

minimum only 'so as to reflect a defendant's substantial assistance.'" Id. (quoting 18 U.S.C. § 3553(e)) (emphasis in original).  Thus, "[i]f a district court imposes a sentence below the statutory minimum in part so as to reflect the history and characteristics of the defendant, ... the court exceeds the limited authority granted by § 3553(e)."  Id. (internal citation omitted).

Other circuits have similarly interpreted § 3553(e) as barring a further downward variance on the basis of § 3553(a) factors following a departure below a mandatory minimum.  See, e.g., United States v. Jackson, 577 F.3d 1032, 1036 (9th Cir. 2009) (citing Williams en route to concluding that, "When a district court grants a waiver of the mandatory minimum pursuant to § 3553(e), the departure establishes the new minimum sentence for the defendant, and the court may not reduce the sentence further on the basis of the § 3553(a) factors."); United States v. Johnson,, 672-73 (7th Cir. 2009) (adopting the Williams court's interpretation of § 3553(e)); United

16

States v. A.B., 529 F.3d 1275, 1281-82 (10th Cir. 2008)

(same)[2]; but see United States v. Allen, 450 F.3d 565, 570

n.5 (4th Cir. 2006) (Following a § 3553(e) departure,

"[i]f the resulting departure range still does not serve

the factors set forth in § 3553(a), the court may then

elect to impose a non-guideline sentence (a 'variance

sentence').").

Lamar disputes this interpretation of the statute.

He maintains that his argument is supported by the

"plain, ordinary language of § 3553(e)."  Def.'s Br. at

4.  In particular, he focuses the court's attention on

the second sentence of § 3553(e), which states that "Such

sentence shall be imposed in accordance with the

guidelines and policy statements issued by the Sentencing

_____

2.  The Tenth Circuit explicitly declined to consider
the section's heading, "Limited authority to impose a
sentence below a statutory minimum," in its analysis.
United States v. A.B., 529 F.3d 1275, 1281 n.8 (10th Cir.
2008) ("In this small, discrete area, we decline to
follow Williams's approach, concluding that the plain
terms of § 3553(e) clearly signal Congress's intent.").

17

Commission pursuant to section 994 of title 28, United States Code." Lamar contends that this statutory language "directs a sentencing court to the entire guidelines and does not purport to limit the court's consideration to only factors related to substantial assistance." Def.'s Br. at 4. He thus insists that, "The only logical conclusion is that Congress intended that the full policy considerations incorporated by the guidelines would be in play once the mandatory minimum veil has been pierced." Id.

While Lamar's interpretation is a logical conclusion, it is not the one reached by the Supreme Court, which has interpreted the sentence as merely a "charge" to the Sentencing Commission. Melendez v. United States, 518 U.S. 120, 129 (1996). The Court concluded that this "part[] of the statute[] merely charge[s] the Commission with constraining the district court's discretion in choosing a specific sentence after the Government moves for a departure below the statutory minimum." Id. The

18

Sentencing Commission fulfilled this obligation through U.S.S.G. § 5K1.1, which, while "not authoriz[ing] departures below the statutory minimum, ... does apply to sentences imposed after the Government moves to depart below the statutory minimum." Id. at 128-29. "[Section] 5K1.1(a) thus implements the requirements of § 3553(e) and § 994(n) that relate to sentences below the statutory minimum by requiring the district court to consider the factors listed in § 5K1.1(a)(1)-(5) in determining the appropriate extent of a departure below the statutory minimum." Id. at 129. Rather than directing a sentencing court to consider the "full policy considerations incorporated by the guidelines," as suggested by Lamar, the second sentence of the statute has the effect of constraining a sentencing court's

19

discretion.[3]   Thus, Lamar finds no support for his position in the language of the statute.

For the foregoing reasons, the court holds that it lacks the power to grant a downward variance on the basis of the § 3553(a) factors following a departure below a mandatory minimum sentence pursuant to § 5K1.1 and § 3553(e).   To hold otherwise would undermine a legislative scheme that provides only limited exceptions

_____

3.   The Eighth Circuit held that, "The second textual sentence of § 3553(e) refers back to the penal sentence contemplated in the first textual sentence, and thus 'restricts the courts reference to those guidelines and policy statements that bear directly upon the desirability and extent of a substantial assistance departure.'" United States v. Williams, 474 F.3d 1130, 1132 (8th Cir. 2007) (quoting United States v. Ahlers, 305 F.3d 54, 61 (1st Cir. 2002)).   This interpretation was adopted by the Tenth Circuit.   United States v. A.B., 529 F.3d 1275, 1282 (10th Cir. 2008).

This court is bound by Melendez's interpretation of the second sentence of § 3553(e).   Nonetheless, regardless as to whether the sentence is interpreted to be a charge to the Sentencing Commission or a directive to sentencing courts, both interpretations have the same practical effect in limiting the court's authority to sentence a defendant below a statutory mandatory minimum.

to statutorily mandated minimum sentences.  Although the
resulting sentence will not always be a "reasonable
sentence," the court cannot legislate from the bench.
Thus, Lamar's motion must, and will be, denied.[4]

                            ***

_____

        4.  To be clear, the court does not hold that a court
may not consult the § 3553(a) factors in determining a
defendant's final sentence.  Indeed, as noted above, "the
district court must ... consider the various factors
enumerated in 18 U.S.C. § 3553(a) in ultimately arriving
at a reasonable sentence."  United States v. Chavez, 584
F.3d 1354, 1364 (11th Cir. 2009).  Rather, the court
merely holds that a § 3553(e) departure below a statutory
minimum sentence establishes a new mandatory minimum
sentence, and thus the court consults the § 3553(a)
factors only to determine whether to sentence a defendant
at or above the post-departure minimum sentence.  See
United States v. Jackson, 577 F.3d 1032, 1036 (9th Cir.
2009) ("This is not to say that the district court should
not consult the § 3553(a) factors before imposing a final
sentence. ... '[O]nly after the court has determined the
full extent of the downward departure it would award
based on [the defendant's] substantial assistance does
the court consider other factors, including those in
§ 3553(a), to decide whether to depart to the full
extent.'").

Accordingly, it is ORDERED that defendant Jeffrey Lamar's motion for a further downward variance (doc. no. 58) is denied.

DONE, this the 10th day of December, 2009.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**